## Savage v. Z. S. Vertner Motor Sales Company.

*Sales — Automobiles — Sale without warranty — Words and phrases — "As is."*

Where the vendors of a second-hand automobile seek to set up the use of the words "as is," in their sales order or contract, as an expression known to the trade, meaning that the car is to be taken by the purchaser regardless of years of use or condition, it should clearly appear that the words were used in that sense. Where such words are inserted in a contract following the words "Purchase Price," without specific reference to the car or its description, courts will not be astute to construe them as indicating an absolute acceptance by the purchaser of a defective automobile or one absolutely incapable of performing its usual and customary functions.

Motion for new trial and for judgment *non obstante veredicto.* C. P. No. 5, Phila. Co., Dec. T., 1920, No. 2681.

*Morris & Kirby,* for plaintiff; *Herbert L. Maris,* for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, June 12, 1923.— The plaintiff brought suit to recover back an amount paid to the defendant under a contract for the purchase, or lease, with option of purchase, of an automobile. The jury returned a verdict in favor of the plaintiff for $429.27. The defendant has moved for a new trial and for judgment *non obstante veredicto.*

The plaintiff gave a written order for a second-hand automobile, the purchase price of which was to be $650. This order was followed by a lease, as indicated by some of the evidence, but the defendants are relying upon the terms of this written order to sustain their contention that the plaintiff is not entitled to recover. The plaintiff's testimony tended to establish that the car broke down during an attempted demonstration and the plaintiff refused to purchase, whereupon the agent of the defendants represented that the car would be thoroughly overhauled and put in perfect condition, whereupon the plaintiff gave the order and made the payments which he is now seeking to recover; that the car had a cracked cylinder-head, broken piston rings, a leaking radiator and other defects, and that it was not usable; that he never used the car, and that about eight days after he received it he went to see the salesman in reference to it, and that subsequently the car was turned over to the defendants. The contention of the defendants was that the acceptance and retention of the car was a waiver of all defects; that there was no rescission of the purchase by the plaintiff, and that the plaintiff's written order for the car contained the words "as is," which precluded the plaintiff from rescinding the contract by reason of any defective condition of the car.

If the plaintiff's testimony was to be believed, the promise of the salesman to put the car in perfect condition, followed by the subsequent delivery of the car to the plaintiff, is evidence of fraudulent inducement if the plaintiff relied upon this promise and the car was delivered to him under circumstances which led him to believe that the car had been put in a running condition. The evidence as to rescission was not strong, but, we think, was properly left to the jury under the facts of this case. The words "as is" in the plaintiff's order are relied upon by the defendants as precluding the right of the plaintiff to recover. Testimony was offered as indicating that this is an expression known to the trade, and means that the car is taken by the purchaser regardless of years of use or condition. It may be that, by the proper use of such words, the plaintiff would be precluded from recovering in a case of this character, but it would have to clearly appear that the words were used in this sense and with reference to the article in question. The words

"as is" follow the words "Purchase Price." They are not attached to any description of the car, and do not refer specifically to the car, and courts will not be astute in interpreting that words of this character, used in connection with the purchase price, are to be construed as an absolute acceptance by a purchaser of an article irrespective of its condition. If this is the end to be desired, the language should be clear and unequivocal and apply to the purchase in no uncertain terms. Neither ambiguous and uncertain language, nor ambiguous and uncertain application, should be used in binding a purchaser to take a defective machine or one absolutely incapable of performing its usual and customary functions.

No good reason has been advanced to disturb the verdict in this case.

And now, to wit, June 12, 1923, the motion for judgment *non obstante veredicto* is overruled, and an exception to this action of the court is hereby noted for the defendant. The motion for a new trial is overruled, a new trial is refused, and judgment is directed to be entered upon the verdict upon payment of the jury fee.